Filed 8/26/13  P. v. Eugene CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DEMETRIUS EUGENE,<br><br>        Defendant and Appellant. | B240874<br><br>(Los Angeles County<br>Super. Ct. Nos. BA333770, BA332599,<br>BA333986, BA332860) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Melissa Widdifield, Judge.  Affirmed in part, reversed in part.

        John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Marc A. Kohm and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Demetrius Eugene was convicted by jury of multiple counts of perjury by declaration (Pen. Code,[1] 118, subd. (a)) and grand theft (§ 487, subd. (a)), and he then pleaded guilty to charges in a separate action as part of a negotiated plea and sentence. He now appeals his convictions and his sentence on various grounds. We reverse the conviction on one count of grand theft but otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Over a period of several years, Eugene participated in a series of complex child care fraud activities, acting as both a fraudulent provider of child care and a fraudulent employer of parents receiving funds for government-subsidized child care. On February 23, 2009, the District Attorney filed an information in Case No. BA333770 charging Eugene and a codefendant with 87 counts of grand theft and perjury by declaration, as well as multiple special enhancement allegations. Sixteen counts were alleged against Eugene, nine of grand theft and seven of perjury by declaration. After a jury trial, Eugene was convicted on December 29, 2011, of six counts of grand theft and six counts of perjury by declaration. Additionally, the jury found that the total taking involved more than $200,000. As calculated by the People, Eugene faced imprisonment for 11 years on these counts.

By the time of these convictions, additional charges had been filed against Eugene and other codefendants in Case Nos. BA332860, BA333986, and BA332599. These additional cases were consolidated into Case No. BA332599, and a second consolidated information was filed in October 2011. In this consolidated matter, Eugene was charged with 50 more counts of grand theft and perjury by declaration, as well as special allegations. The case had not been tried as of December 2011. At that time, the People estimated Eugene's possible sentencing exposure at 28 years in state prison.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

After the jury's verdict on the original charges, the People offered Eugene a packaged disposition sentence:  Eugene would plead guilty to three counts in Case No. BA332599 and admit the associated enhancement allegations; he would receive a total prison term of 14 years in state prison on all charges, those he had pleaded guilty to and those on which he had been convicted; and the remaining dozens of charges against him would be dropped.  Eugene accepted the offer, pleaded guilty to the additional offenses, and admitted that he took more than $500,000.  The trial court found that Eugene had expressly, knowingly, and understandingly waived his constitutional rights, and that the plea was freely and voluntarily made with an understanding of the consequences thereof.  The court accepted the plea.

Eugene later moved to withdraw his guilty plea but the trial court denied the motion.  Eugene was sentenced to 14 years in state prison.  He filed a notice of appeal but the record does not reflect that he obtained a certificate of probable cause.

## DISCUSSION

### I.  Challenges to Convictions

Based on *People v. Bailey* (1961) 55 Cal.2d 514 (*Bailey*) and its progeny, Eugene argues that he could only be convicted of a single count of grand theft because the evidence established an ongoing scheme to commit fraud that involved a single victim, a single, continuous course of conduct, and a single criminal objective:  he was the mastermind of an ongoing child care fraud scheme involving falsified attendance and employment records in order to obtain payments for subsidized child care to which he was not entitled.

Whether a person may suffer multiple grand theft convictions for multiple takings or whether the takings always constitute a single offense under *Bailey* is presently under consideration by the California Supreme Court in *People v. Whitmer*, review granted May 1, 2013, S208843.  In *Bailey*, the California Supreme Court held that where as part of a single plan a defendant makes false representations and receives various sums, each of

3

which is an amount less than that required for a grand theft, these petty thefts may be aggregated to constitute one offense of grand theft. (*Id*. at pp. 518-520.) The *Bailey* court also stated that a defendant may not be convicted of more than one count of grand theft where all of the takings are committed against a single victim, with one intention, one general impulse, and one plan: "Whether a series of wrongful acts constitutes a single offense or multiple offenses depends upon the facts of each case, and a defendant may be properly convicted upon separate counts charging grand theft from the same person if the evidence shows that the offenses are separate and distinct and were not committed pursuant to one intention, one general impulse, and one plan." (*Id.* at p. 519.)

Although some courts have construed *Bailey*, *supra*, 55 Cal.2d 514 as propounding a uniform rule regarding the aggregation of any group of grand thefts (see, e.g., *People v. Kronemyer* (1987) 189 Cal.App.3d 314, 363-364 [only one grand theft conviction where a lawyer looted an estate by taking funds in four separate bank accounts, each of which contained more than $8,000]), we do not believe this analysis to be consistent with *Bailey* and the case law on which it relied. In *Bailey*, to support its holding concerning multiple grand thefts, the Supreme Court relied on *People v. Stanford* (1940) 16 Cal.2d 247 (*Stanford*), *People v. Rabe* (1927) 202 Cal. 409 (*Rabe*), and *People v. Ashley* (1954) 42 Cal.2d 246 (*Ashley*), each of which stands for the proposition that a defendant may properly be charged and convicted of multiple counts of grand theft for separate and distinct thefts where the facts demonstrate different circumstances, even though they were committed pursuant to a single scheme or overarching misrepresentation. (*Bailey*, *supra*, 55 Cal.2d at p. 519.) These cases embody the view that a defendant who repeatedly takes property exceeding the requisite amount for grand theft from a victim through separate transactions commits more crimes than a defendant who takes such property only once, and that the prosecutor may, at least where the circumstances of the individual thefts differ from each other, elect to charge separately for each transaction. Because the Supreme Court expressly identified *Stanford*, *Rabe*, and *Ashley* as consistent with the rule it enunciated in *Bailey*, we understand the Court to have intended the *Bailey* rule to be applied in accordance with those decisions. We

4

therefore affirm the convictions if there is substantial evidence to support a finding that each act of grand theft qualified as a separate and distinct offense under *Bailey*, *Stanford*, *Rabe*, and *Ashley*.

We first consider the six counts of grand theft on which Eugene was convicted by jury (Case No. BA333770).[2] With one exception (count one, to be discussed below), substantial evidence exists to support a finding that each of these counts of grand theft constituted an independent offense. While these offenses share the common mechanism of submitting fraudulent employment verifications and attendance records to secure unearned payments for government-subsidized day care, each count involved a different parent and is based on the presentation of a separate set of fraudulent claims for payment for child care to that individual parent for her child or children. Moreover, the counts pertained to multiple child care providers, multiple employers, and various time frames over a multi-year period. Even though the counts as a whole were similar in fraudulent intent and methods, each scheme to obtain child care funds involved a separate family and a new design to defraud the state and county by obtaining funds relating to that combination of children and parents. Because each count corresponded to a separate and distinct campaign of grand theft for each parent, Eugene was properly convicted of multiple counts of grand theft in counts 44, 48, 53, 65, and 72 of Case No. BA333770. (*Bailey*, *supra*, 55 Cal.2d at p. 519; *Stanford*, *supra*, 16 Cal.2d 247; *Rabe*, *supra*, 202 Cal. 409; *Ashley*, *supra*, 42 Cal.2d 246.)

---

[2]    As part of the negotiated disposition the People did not obtain a waiver of Eugene's appellate rights on the counts on which he had been convicted by jury, and on appeal the Attorney General has not argued that by virtue of having entered into that negotiated agreement he is barred from attempting to better his bargain by appealing the underlying convictions. We therefore address Eugene's challenges to the counts on which he was convicted by jury trial.

The same is not the case for count one. Count one was a global charge encompassing all the grand theft in Case No. BA333770: the People described it as "this overall grand theft charge for the whole fraud period." As this composite charge included all the grand thefts from counts 44, 48, 53, 65, and 72 of Case No. BA333770, count one cannot be considered separate and distinct from the other counts on which Eugene was convicted in this case. The conviction on count one accordingly must be reversed. Because the sentence imposed on this count was eight months, to be served concurrently, the reversal has no impact on the overall duration of Eugene's sentence.[3]

After the jury convicted Eugene of the six counts of grand theft, he then voluntarily and freely agreed to be convicted of three additional counts of grand theft in Case No. BA332599. Eugene pleaded guilty, and his attorney stipulated to the factual basis for these counts. He did not argue at the time of his plea that the plea was improper because *Bailey*, *supra*, 55 Cal.2d 514 prevented him from being convicted of these three further counts of grand theft in light of previous jury convictions for similarly-motivated grand theft. Eugene never contended on appeal that the plea was improper, nor did he obtain a certificate of probable cause from the trial court pursuant to section 1237.5. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

## II.     Section 654

Eugene contends that the sentence for perjury in count 73 of Case No. BA333770 must be stayed under section 654 because the perjury was incidental to and in furtherance of his intent to commit grand theft. Eugene may not raise this issue on appeal because he agreed to a specified prison term and did not assert any section 654 objection at the time the agreement was placed on the record. "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one

---

[3]     We note that, as a concurrent term, the sentence for this count should not have been one-third the mid-term. In light of our reversal on this count, however, this does not affect the sentence.

6

abandons any claim that a component of the sentence violates section 654's prohibition on double punishment, unless that claim is asserted at the time the agreement is recited on the record." (Cal. Rules of Court, rule 4.412(b); see also *People v. Hester* (2000) 22 Cal.4th 290, 294-296 [upholding former version of current rule].)

### III.     Sufficiency of the Evidence of Grand Theft:  Victim Identity

Eugene contends that the rightful owner of the funds he appropriated was Crystal Stairs, the agency that contracted with the State of California and the County of Los Angeles to distribute funds to recipients.  Because the information alleged that the funds taken were state and county property, Eugene argues there was insufficient evidence to support the grand theft convictions returned by the jury in Case No. BA333770.

As Eugene acknowledges, the contention that the disbursing agent is the victim of the crime when its funds are misappropriated was rejected by the Second Appellate District, Division Eight in *People v. Moore* (2009) 176 Cal.App.4th 687, 693-695.  In *Moore*, the appellant contended that Crystal Stairs was the victim of the fraud he perpetrated.  The *Moore* court declined to adopt the "proposition that a third-party disbursing contractor is the 'victim' when a person defrauds a government funded program."  (*Id*. at p. 694.)  The court reasoned that "Crystal Stairs never 'owned' the money that it disbursed.  By the same token, Crystal Stairs was not 'directly injured' by Moore's fraud because it did not lose any money that it owned."  (*Ibid*.)  We find the *Moore* court's analysis persuasive and reject Eugene's contention that the victim of his grand theft was Crystal Stairs rather than the State of California and the County of Los Angeles as alleged in the information.

## DISPOSITION

The judgment is reversed on count one of Case No. BA333770 and the conviction is stricken.  The clerk of the superior court is directed to prepare a corrected abstract of judgment and to forward a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.

8